ROBERT DANESCHOCKY, Appellant, v. HENRY SIEBLE, et al., Respondents.

Kansas City Court of Appeals, March 5, 1917.

1. **AUTOMOBILES:** Negligence: Proximate Cause: Building Material: Obstruction: Negligence.  A contractor to erect a building, the city knowing but not objecting, piled an unreasonable and excessive lot of material on the sidewalk, extending out into the street.  The plaintiff was compelled by such obstruction to pass around over near the middle of the street, when an automobile, driven at the negligent speed of thirty miles an hour, ran over and injured him. The contractor and the city knew that the street was frequented by automobiles being driven at furious and negligent rates of speed. It was *held* that the contractor and the city were liable in damages.

2. ———: Intervening Cause: Probable Result.  The arbitrary rule of proximate cause wherein it is stated that if any other independent cause intervenes it breaks the connection from the first cause and

.itself becomes the proximate cause and thereby liberates the first wrongdoer, should always be stated with the qualification, that if the intervening act might reasonably have been foreseen or anticipated as the natural or probable result of the original negligence, the latter will, notwithstanding such intervening act, be regarded as the proximate cause of the injury.

3. ———: ———: **Excuse: Improbable Result.** An intervening cause will not excuse or relieve the first wrong-doer unless such intervening cause is one so unusual and so improbable as not to be reasonably foreseen or considered by an ordinarily prudent man.

4. ———: ———: **Foreseen Consequence: The ''Very Injury.''** The liability of the party guilty of the first negligence does not depend on the question whether he reasonably could have foreseen the *very injury* complained of; for he may be held liable for anything which, after injury is complete, appears to have been a natural and probable consequence of his act.

5. **STREET: Building Material: Reasonableness.** Though a builder has a right to make temporary use of the street adjoining his property by piling building material thereon; yet he cannot make unreasonable or excessive use of it.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED.

*Park & Brown* and *P. Rosenberg* for appellant.

*Hogsett & Boyle, C. M. Bush* and *A. F. Evans* for respondents.

ELLISON, P. J.—From a statement of counsel in argument we learn that plaintiff and several other young persons with whom he was in company, were returning home at night from a neighborhood entertainment, when he was run over by an automobile and injured on a street in Kansas City. He, and the others, were interrupted in their walk along the sidewalk by building material piled over the sidewalk space extending beyond the curb out into the street, and were, in consequence, compelled to walk out in the street around the material, and while doing so an automobile approached from the rear at terrific speed, ran over

him and the others, killing some and injuring others, plaintiff being in the latter number. On the adjoining lot owned by two of the defendants, a building was being erected by one of the defendants as contractor. These and the city, together with the owner and driver of the automobile were joined as defendants. The case was dismissed as to the two latter. The remaining defendants filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff stood upon his petition, whereupon judgment was rendered in favor of defendants and he appealed.

Turning to the petition, we find it to be alleged therein, that the owners of the lot and the contractor for the building deposited in the sidewalk space and roadway an unreasonable and excessive quantity of building material which obstructed the passage of pedestrians along the sidewalk and occupied a large portion of the road way almost to the middle of the street, which compelled plaintiff to walk out near the center of the street to avoid the obstruction. That while he was thus lawfully upon the roadway, while in the exercise of ordinary care, he was run over by an automobile owned by one, and driven by another, of defendants, greatly injuring him. It is then alleged that the driver of the automobile was negligent in that he drove the car at the high rate of speed of thirty miles per hour, which was also in violation of a city ordinance regulating speed.

It is then alleged that by the owners, and the contractor, so negligently placing and depositing the unreasonable and excessive quantity of building material in the street as above stated, they interfered with and prevented the safe passage of the public along the sidewalk and compelled plaintiff to go around into and along the roadway of the street, when they well knew of the passing of automobiles along the street at high and dangerous rates of speed, and that they should have foreseen injury to pedestrians. It is also alleged that these defendants violated a city ordinance

in so obstructing the sidewalk that it could not be used. It is then alleged that the defendant city knew, or by ordinary care, should have known, of such obstruction in time to have removed the same and prevented plaintiff's injury. It is then finally charged that the negligence and the unlawful conduct of the contractor, owner and the city concurred with the negligence of the owner and driver of the automobile in causing the injuries to plaintiff and was the direct and proximate cause thereof. Plaintiff's injuries are properly alleged as well as the statutory notice to the city of his claim.

In order to sustain an action for negligence it is necessary that such negligence should be the proximate cause of the injury, and the controversy here is, whether the allegations as above summarized show that the negligence of the defendants was the proximate cause of the injury to plaintiff. The immediate or proximate cause of an injury was doubtless first fixed upon as the only actionable cause, from apparent necessity and practicability. Since a cause for any given action, or happening, can be traced back indefinitely, it became necessary to arbitrarily limit the illimitable, so to speak, by stopping at the proximate cause. For, it was said, to run further back would be endless confusion, with results frequently utterly impracticable. Lawyers from early times, induced by the ordinary meaning of words, and seeming necessity, have been led into the thought that since the word, "proximate" means immediate, or next to, the only actionable cause is the cause which actually did the injury; and that any prior cause, no matter how closely related, was a removed cause and therefore not proximate, and therefore not actionable. There is no doubt that many decisions have been rendered and many definitions stated on that idea. This may be seen by the following taken from Wharton's Law of Negligence, sec. 134: "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant

liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty, but I am not liable to others for the negligence which he alone was the cause of making operative."

The reasoning in Andrews v. Kinsel, 114 Ga. 390 and Setter v. City of Maysville, 114 Ky. 60, is along the line of these definitions, and therefore, while not saying those cases were not correctly decided, we would prefer not to rely on the mode of arriving at such decisions. Later cases in both States, as we shall presently see, announce the law in more satisfactory language.

It is stated in 1 Shearman & Redfield on Negligence (4. Ed.), sec. 26, note 3, that in order to hold the first wrongdoer liable, his act must be such as will *"inevitably"* cause the injury. But the error of this was, perhaps, seen and the note was dropped from subsequent editions.

When the rule is stated in its full breadth, viz, that a separate intervening cause will break the line of causation leading out from the first cause and, in law, absolve the first cause from all responsibility, it is the statement of a mere arbitrary rule, which in practical application, would lead to results opposed to sound reason. The rule should always be accompanied by the qualification, "that if the intervening act is such as might reasonably have been foreseen or anti-

cipated as the natural or probable result of the original negligence, the original negligence will, notwithstanding such intervening act, be regarded as the proximate cause of the injury." [Nickey v. Steuder, 164 Ind. 189, 192.]

We think that where the character of the first wrong is such that an injury will naturally, or probably, result, though it is a result following another cause which has intervened, it is a result that should reasonably have been foreseen or anticipated by the first wrongdoer and he should be held liable. An intervening cause should not be held to excuse the first cause, unless such intervening cause is one so unusual and so improbable as not to be reasonably foreseen or considered by an ordinarily prudent man. Otherwise, one could say, "I will commit this negligent wrong, though I know, or believe, it will probably cause another negligent wrongdoer—another intervening independent agency, to commit an injury."

In Southern Railway Co. v. Webb, 116 Georgia, 152, a passenger on defendant's train by a violent and negligent jerk of the train was thrown through the back door of the car on which he was riding, onto the track, when an engine from another road, which frequently used defendant's track, came along and killed him; and liability was affirmed. The opinion in the case is full of instructive definition and illustration. Though the fact in that case was that the driver of the second engine was not to blame, we do not see that it should make any difference as to the effect to be ascribed to an intervening cause.

In Seith v. Commonwealth Electric Co., 241 Ill., 252, and Hartnett v. Boston Store, 265 Ill. 331, the defendants under the facts were held not liable, but it was on the ground that the first negligent act could not reasonably have been anticipated, or foreseen as leading to the intervening, independent agency which was the immediate cause of the injury. In each case the rule is stated in this way: That the injury must be the natural and probable result of the negligent act and be

of such a character as an ordinary prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with the negligence should have foreseen the precise injury which might result from his act. "The test," says the court in the first of these cases, "is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury." In this connection the court quotes from Pollock on Torts, "that a person is expected to anticipate and guard against all reasonable consequences, but that he is not by the law of England expected to anticipate and guard against that which no reasonable man would expect to occur."

In Weick v. Lander, 75 Ill. 93, a contractor for a building obstructed a side of a street with material, while on the other side was a pile of lumber, so that it was difficult for teams to pass between. The plaintiff had two teams hauling sand and these were following one another. The plaintiff's son got on the rear of the front wagon which was suddenly stopped by a collision with an express wagon at the place between the obstructions. The driver of the rear wagon suddenly attempted to stop which had the effect of throwing up the tongue of his wagon so that it ran into the abdomen of the boy, killing him. The contractor was held to be liable. The court remarked in the course of the opinion that the contractor "not only knew the obstructions placed in the street were unlawful, but he was aware of the fact that the street where the accident occurred was a public thoroughfare; knowing these facts, he must have known the direct and

necessary consequence of the obstruction placed in the street would be to impede travel, and accidents would follow.''

In Louisville Tel. Co. v. Gasper, 123 Ky. 128, the company negligently anchored a guy wire in an alley; a driver of a wagon came along at a negligently rapid speed, struck the wire and upset the wagon, onto the plaintiff who was near by. It was held that the fact that the negligent act of the driver intervened did not break the connection of the first cause in placing the guy wire and that the company was liable. The principle in that case was affirmed in that of City of Louisville v. Hart, 143 Ky. 171, 178, where the negligent condition of a street was such that a boy driving a wagon was thrown onto the street railway track and negligently killed by the driver of the street car. It was held that the intervening negligence of the driver of the car did not break the connection from the first negligence of the city in maintaining the street. And the same principle is asserted in Neidhardt v. City of Minneapolis, 112 Minn., 149.

The same principle is endorsed by 1 Shearman & Redfield on Negligence, sec. 26a and latter part sec. 32 (6 Ed.); Cooley on Torts, 78; 2 Elliott on Roads and Streets (3 Ed.), sec. 795; 29 Cyc. 496-498.

We have thus far deferred reference to cases in the Supreme and Appellate courts of this State for the reason that each of the contending parties claim their view of this case is supported by those cases. While here and there, there may be remarks in these courts which appear to support the idea that where an intervening, independent agency inflicts the injury, it disconnects the first cause and liberates the first offender; yet a reference to the cases, down to the latest utterance on the subject by the Supreme Court, will disclose that that is not the rule by which such cases should be decided; and that our courts are in entire harmony with those above noted from other jurisdictions. Defendants can make no proper claim that Stanley v. Union Depot Ry. Co., 114 Mo. 606, should influence a

decision in their favor. The case arose on account of the railway company killing a boy who stepped in front of a car. The attempt to hold the city in that case was based on the idea that it gave a construction company a contract to build a sewer and thereby negligently permitted such company to violate its ordinances and set up a dangerous nuisance in its streets. The ground of negligence was that the construction company built a wall with an aperture in it through which persons would pass through into the main part of the street in which there were street railway tracks. The petition alleged that one would step through the aperture immediately upon the tracks, but the fact shown was that upon passing through there was a five foot space running in both ways for persons to walk in either direction, and that no necessity existed for going upon the tracks; that it was not a street crossing and that no reasonable foresight could have anticipated that any one would leave the ample way in each direction and go upon the tracks. The opinion clearly shows (pp. 624, 625) a recognition of the idea maintained throughout the foregoing cases, viz, that if an injury may be reasonably anticipated as resulting from the first negligence, an intervening act such as committed by the street railway would not have excused the city.

But the position of the Supreme Court is unmistakably given in other cases. [Harrison v. Electric Light Co., 195 Mo. 606, 623-629; Buckner v. Horse & Mule Co., 221 Mo. 700, 709-711; Obermeyer v. Longman Chair Co., 229 Mo. 97, 111.] In the second of these cases the following is quoted from the first and reasserted as being the true rule, viz, "That if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence without such other independent, intervening cause would not have produced the injury."

And, furthermore, the same learned Judge quotes and adopts the following from Fishburn v. Railroad, 127 Iowa l. c. 492; " 'The liability of a person charged with negligence does not depend on the question whether, with the exercise of reasonable prudence, he could or ought to have foreseen the *very injury* complained of; but he may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act' or omission." (Italics ours).

It would be difficult to frame language more applicable to the facts of this case than is found in both these excerpts.

The same principle has been recently twice stated by this court and once by the St. Louis and Springfield Court of Appeals. [Dugdale v. St. Joseph L. H. & Power Co., 189 S. W. 830; Wright v. K. C. Terminal Ry. Co., (not yet reported); Miller v. United Ry. Co., 155 Mo. App. 528; Townsend v. Joplin, 139 Mo. App. 394.]

Though not mentioned, we have not passed by without notice that a builder has a right to place building material temporarily in the street for use in erecting a building. But such right does not authorize him to deposit, or the city to allow him to deposit, an unreasonable and excessive amount (Christman v. Meierhoffer, 116 Mo. App. 46, 51, 52) and this it is alleged was done in the present instance.

We are of the opinion that a case was stated for plaintiff and that error was committed in ruling otherwise. The judgment will be reversed and the cause remanded for trial. All concur.