Oscar Meadows, Respondent, v. Wabash Railway Company, Appellant.*

Kansas City Court of Appeals. June 15, 1925.

*Corpus Juris-Cyc References: Negligence, 45CJ, p. 939, n. 22; Railroads, 33 Cyc, p. 373, n. 84; Trial, 38Cyc, p. 1783, n. 83.

*M. E. Pangburn* and *John C. Leopard & Son* for respondent.

*Homer Hall, Dudley & Brandon* and *S. J.* and *G. C. Jones* for appellant.

ARNOLD, J.—This is an appeal from a judgment sustaining plaintiff's motion for a new trial after verdict for defendant had been returned by the jury. Plaintiff's suit is for damages from overflow of his land which he alleges was due to the negligence of defendant in failing to provide proper channels for certain streams, as required by statute.

Plaintiff owns 200 acres of land lying about one-half mile west of the town of Pattonsburg, Daviess County, Missouri. Somewhat more than half of this land lies north of the railway embankment of defendant which at this point runs in a general east and west direction,

being a trifle to the northwest and southeast. This suit is based upon loss of the crop on said land during an unusual flood in July, 1922.

Plaintiff's land is about a mile from Grand River which at this point runs in a general southeasterly direction and parallel to defendant's right of way. Defendant's track is on an embankment several feet in height. Sampson Creek, a natural watercourse, takes its rise in the hills to the north, runs through plaintiff's land in a general southerly direction, crosses the Wabash track, thence follows a meandering course to its junction with Grand River. At a distance of a mile or two east of Sampson Creek is another stream, also taking its rise to the north, known as Big Creek, which also runs in a general southerly direction and crosses defendant's right of way at a point about a mile and three-quarters east of the point where the railroad track crosses Sampson Creek over a bridge. Both of these creeks come down through narrow valleys until they emerge into a wider basin of high bottom land about one-half to three-quarters of a mile north of the track. The openings in defendant's track consist of one at Big Creek, another at Sampson Creek, and still another of smaller size at a water run or depression about a mile east of Sampson Creek bridge.

The petition alleges that at the time of the flood in question the Sampson Creek opening had been permitted to be obstructed by drift and logs as well as by piling, wood and concrete construction in the channel of the stream, which served to obstruct the free passage of water in times of high waters. The Big Creek opening was alleged to have been obstructed in the same way and was further rendered less effective by rip-rapping placed at the east bank of the creek north of the bridge, to protect against the cutting of the water on that bank and which resulted in the water cutting behind the rip-rapping and being caused to gather and swirl and to create currents of water back toward the west, and that a dike across the lateral ditch at the east end of this bridge rendered the lateral ditch useless.

During the flood in question, the waters from the swollen creeks washed against the railroad embankment with such force that they were turned back, thus creating currents toward the north. The waters accumulated north of the track until they reached a height of three or four feet above the height attained on the south side thereof. The volume of water thus gathered on the north of the track gained such volume that it forced its way through defendant's embankment within the town of Pattonsburg and also, on the land adjoining plaintiff's on the east. The openings thus formed in the embankment provided an outlet and the waters on the north side of the track subsided.

It is charged that plaintiff's crops north of the track were a complete loss, while the corn crop on the south side was good. There

was evidence showing that the flood of 1922, while great, was not extraordinary, and that similar floods occurred in 1883 and 1909; that the latter both in rapidity of rise and in height attained exceeded any flood known to the residents of the vicinity. It is also shown that after 1909, the floods became more frequent and more severe; that in 1915 there were two, another in 1917, and three in 1919, and that all of them approached very nearly if they did not equal in volume, that of 1922.

The negligence charged in the amended petition is as follows:

''That defendant has neglected and failed, for many years past to construct and maintain suitable and sufficient openings across and through the said embankment and roadbed of said railroad, to permit the said surface water and water in said streams to pass there-through without obstruction and overflow, in the locality of and near to plaintiff's said lands, and negligently failed to construct and maintain suitable ditches and drains along the sides of its said roadbed and embankment, to connect with watercourses, ditches or drains, and so as to afford sufficient outlet to drain and carry off said waters, although defendant could, at a reasonable expense, have constructed both said sufficient and suitable openings to carry off said waters, and said suitable drains and ditches to connect with said streams and watercourses aforesaid, and that each of said streams and watercourses are and were ample to carry off all such waters without overflow, when such suitable and sufficient openings, drains and ditches are so provided and maintained as required by law and by the statutes of the State of Missouri. . . .

''That defendant negligently suffered, permitted and caused quantities of rock, dirt, trash, logs, sticks and other materials to collect and be deposited in said streams, and near its said embankments and at and near the openings attempted to be maintained by defendants for the passage of said waters, all of which was a direct and proximate cause of the said overflow of the plaintiff's said lands and the resulting damage thereto.''

Damages are sought in the sum of $3,000.

The answer is a general denial and for further answer defendant avers that the overflow alleged in the petition was the result of ''an extraordinary and unprecedented flood, and of a cloudburst, and of an unusual, phenomenal and extraordinary rainfall of a character that could not be anticipated and was an act of God, for the result of which this defendant is in no wise responsible.'' And for further answer it is averred that plaintiff purchased the land described in the petition more than thirty years after the defendant's embankment had been constructed and in the condition it was at the time complained of, with full knowledge of the existence, location and character of said

embankment, and by reason thereof plaintiff is barred by the Statute of Limitations from maintaining this suit.

Upon the issues thus made the cause went to trial to a jury. The verdict was for defendant and judgment was entered accordingly. The court sustained a motion for a new trial and it is from that action of the trial court that defendant has appealed.

Among other things the motion for new trial charges the court erred in giving defendant's instructions numbered 5, 10, 8, 15, 9, 12, 16, 17, over objections of plaintiff made at the time. The new trial was granted on the ground that the court erred in giving defendant's instruction 10-D, which reads as follows:

"You are instructed that the burden rests upon the plaintiff to show by a preponderance, that is to say, by the greater weight of the credible evidence in the case, that the damage to the plaintiff's property in evidence, if it was damaged, was caused solely by the failure of the defendant, if it did fail, to cause to be constructed and maintained suitable openings across and through the right of way and roadbed of the defendant railroad, and suitable ditches and drains along each side of the roadbed of the defendant railroad to connect with ditches, drains or watercourses, so as to afford sufficient outlet to drain and carry off the water including surface water, under ordinary and usual weather and flood conditions and unless the plaintiff has so shown, then your verdict must be for the defendant."

Defendant charges the court erred in sustaining the motion for a new trial on the ground stated and insists that the instruction properly declares the law.

Plaintiff's view, which doubtless was adopted by the court, was that the instruction was erroneous in that it told the jury they must find that defendant's negligence was the sole cause of the damage, the objectionable language being: " . . . the burden rests upon the plaintiff to show by a preponderance . . .. of the evidence . . . that the damage to plaintiff's property . . . was caused solely by failure of defendant . . . to cause to be constructed and maintained suitable openings," etc. Plaintiff urges, and properly, that the law does not require that it must be shown that defendant's negligence was the sole cause of the damage. It is well settled that if defendant's negligence commingled with and operated as a contributing element in producing the injury, then the defendant is liable even though such injury was due to an act of God.

As was said in South Side Realty Co. v. Railroad, 154 Mo. App. 364, 134 S. W. 1034: "In order for defendant to escape liability under the exemption afforded by law, the act of God must be the sole and only cause of the injury, and this, too, unmixed with the negligence of the defendant, for if the defendant's negligence commingled with it in the loss as an active and cooperative element, and the loss is proximate

thereto, or, in other words, is a reasonable consequence of the negligent act, it is regarded in law as the act of the defendant rather than as the act of God.'' The same rule is followed in Bailey v. Railway Co., 207 S. W. 82 and in Daneschocky v. Sieble, 195 Mo. App. 470, 193 S. W. 966.

We find nothing in defendant's citations which may be considered as substantial refutation of this doctrine. Defendant insists that the error, if any, is cured by plaintiff's instruction No. 4, which fully instructs the jury on the point in question. But we think it is clear that the instructions were conflicting and upon a most vital issue. In this circumstance it will not be necessary to cite cases in support of the rule that such conflicting instructions constitute reversible error. The two instructions being in direct conflict, we have no means of knowing which one the jury followed. Plaintiff's instruction No. 4 correctly declares the law, while defendant's instruction No. 10 is clearly erroneous.

Plaintiff urges similar objections against defendant's instructions 5-D and 7-D, and in our opinion they are open to the same objection as D-10.

For the reasons herein stated, the judgment of the trial court granting plaintiff a new trial is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

